James **MARTIN**, Plaintiff,

v.

**COMMISSIONER OF INTERNAL REVENUE, et al., Defendants.**

No. C82-3249.

United States District Court,
N.D. Ohio, E.D.

Jan. 9, 1984.

James Martin, pro se.

John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, Matthew Yackshaw, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

This action was filed by plaintiff, James Martin, on December 16, 1982, against defendants, United States of America (hereinafter U.S.A.), the Internal Revenue Service (hereinafter I.R.S.), and the Commissioner of the Internal Revenue Service (hereinafter Commissioner). Plaintiff asks this Court to issue a writ of mandamus to compel the Commissioner to bring suit against the plaintiff for a tax deficiency allegedly owed by plaintiff to the I.R.S.

This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1361.

At issue here is the procedure to be followed by a taxpayer who disputes a tax assessment.

Plaintiff asserts the following factual allegations. On June 28, 1978, the I.R.S. sent a letter to plaintiff informing him that his personal income tax return did not conform with the Internal Revenue Code's requirement. The letter, which plaintiff received, requested plaintiff to refile his income tax return. On April 23, 1982, plaintiff received a notice of deficiency from the I.R.S. The notice informed plaintiff of his

right to petition the United States Tax Court within ninety days if he disputed the alleged deficiency. Plaintiff did not file a petition with the Tax Court but allegedly sent a letter to the I.R.S. explaining why he believed he did not owe the tax. On April 28, 1982, plaintiff received another notice from the I.R.S. informing plaintiff that he should pay the deficiency within ten days. Plaintiff sent a letter in reply dated August 30, 1982, denying that he owed money to the federal government. On September 28, 1982, the I.R.S. sent a letter to plaintiff and informed him of his appeal rights.

Based on these facts, plaintiff asserts that this Court should issue a writ of mandamus requiring defendants to bring suit in federal court against plaintiff for plaintiff's tax deficiency.

Pending before this Court is a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), filed by defendants on February 23, 1983. Defendants argue that there is no duty required by law to act pursuant to plaintiff's request and therefore the complaint fails to state a claim upon which relief can be granted.

On March 15, 1983, plaintiff responded to defendants' motion to dismiss. Essentially, plaintiff argues that defendants should not be able to collect taxes allegedly owed to the federal government, but disputed by the taxpayer, without a trial by jury.

■ A taxpayer may file suit in federal district court for disputed assessments if he has followed the necessary steps established by Congress. Under 28 U.S.C. § 1346(a)(1) the district court has jurisdiction in a civil action against the United States to recover any internal revenue taxes alleged to have been erroneously or illegally assessed. The claim for refund statute provides the procedure necessary for a taxpayer to file suit in federal district court.

Under 26 U.S.C. § 7422(a):

(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

The Supreme Court has held that under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness by a suit for refund in district court. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). In *Flora v. United States, supra*, the Court held that if a taxpayer cannot pay the full amount of the deficiency he may litigate in the Tax Court of the United States.

Plaintiff argues that a taxpayer who must litigate in Tax Court because he cannot pay the disputed tax deficiency is being denied his right to trial by jury and due process of law.

■ Our Constitution allows Congress to lay and collect taxes. If a taxpayer questions the amount of taxes assessed, our tax system allows the taxpayer to choose between one of three forums to challenge the assessment. They are as follows:

1) United States District Court

2) United States Claims Court

3) United States Tax Court.

By allowing the taxpayer these options, he is given due process of law.

■ In the present case, plaintiff has failed to follow the correct procedure, established by Congress, which would have allowed him to bring suit in this Court. Plaintiff has neither filed a claim for refund nor paid his alleged tax deficiency. Accordingly, this Court has no jurisdiction to entertain a suit for the deficiency.

■ This Court does have jurisdiction to order mandamus.

28 U.S.C. § 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Mandamus will not lie to direct the manner in which discretionary acts of government officials are to be performed or to direct or influence the exercise of discretion in making such decision. *Barr v. United States*, 478 F.2d 1152 (10th Cir.1973), *cert. denied*, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148.

■ In the present case this Court can only issue mandamus if the defendants are required by law to bring suit in federal district court to collect the deficiency.

26 U.S.C. § 7401 provides:

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

Although the Secretary of the Treasury or his delegate may bring a civil suit against a taxpayer, it is discretionary. For example, under 26 U.S.C. § 7403, an action can be brought to enforce a lien, or subject a taxpayer's property to payment of a tax. The Secretary of the Treasury has a large degree of discretion in determining the proper measures to take to enforce the tax laws. *Fisher v. Secretary of United States Department of Health, Education and Welfare*, 522 F.2d 493 (7th Cir.1975). Plaintiff, a taxpayer, cannot tell the Secretary of the Treasury or any of the defendants how to exercise the discretion given to them by Congress. There is no mandatory duty for the federal government or its agencies to bring a civil suit against a taxpayer for deficiencies which the taxpayer refuses to pay. In the instant case, defendants had no duty to bring suit and this Court cannot order defendants to do what they are not required by law to do.

Accordingly, the plaintiff's claims against defendants, United States of America, Internal Revenue Service, and Commissioner of Internal Revenue Service, are hereby dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.