James MARTIN, Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, et al., Defendants-Appellees.

No. 84–3205.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 6, 1984.

Decided Feb. 6, 1985.

James Martin, pro se.

Glenn L. Archer, Gary R. Allen, Michael Paup, Kenneth L. Greene, Chief Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., William J. Petro, U.S. Atty., Cleveland, Ohio, for defendants-appellees.

Before EDWARDS * and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This action was filed by the plaintiff, *pro se*, seeking a writ of mandamus to compel the Commissioner of Internal Revenue to bring suit against the plaintiff for a tax deficiency allegedly owed by plaintiff to the Internal Revenue Service, before proceeding to collect the deficiency. District Judge Alvin I. Krenzler dismissed the complaint for failure to state a claim upon which relief may be granted. The opinion of Judge Krenzler is reported unofficially at 53 A.F.T.R.2d 819 (1984), 584 F.Supp. 977.

Plaintiff appeals. Upon examination of the briefs and record, this Court concludes that the questions on which the decision of the cause depends are so unsubstantial as not to need oral argument. Rule 34(a), Federal Rules of Appellate Procedure; Rule 9, Rules of the Sixth Circuit.[1] We further conclude that the appeal is frivolous and entirely without merit. Rule 9(d)2, Rules of the Sixth Circuit. Accordingly, we affirm the decision of the District Court.

Plaintiff alleges that on June 28, 1978, the I.R.S. sent a letter to plaintiff informing him that his federal income tax return for 1977 did not conform to the requirements of the Internal Revenue Code. The letter which plaintiff received requested plaintiff to refile his tax return. On April

---

* The Honorable George Edwards took senior status January 15, 1985.

1. **Rule 9. Docket Control**

(a) In the interest of docket control the Chief Judge may from time to time, in his discretion, appoint a panel or panels to review pending cases, or motions pending in such cases, for appropriate assignment or disposition under this rule or any other rule of the Court.

(b) In reviewing any pending case for possible disposition pursuant to this Rule and prior to argument, the Court will determine to allow oral argument unless

1. the appeal is frivolous; or

2. the dispositive issue or set of issues has been recently authoritatively decided; or

3. the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

(c) In furtherance of the disposition of pending cases under this Rule, any party may include in his brief at the conclusion of the argument section a statement setting forth the reasons why, in his opinion, oral argument should be heard.

(d) If, upon the consideration of any interlocutory motion or as a result of a review under subsection (a) of this rule, the Court concludes

1. that the appeal is not within the jurisdiction of the Court;

2. that the appeal is frivolous and entirely without merit;

3. that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument; or

4. that clear error or an intervening decision of this Court or the Supreme Court requires reversal or vacation of the judgment or order appealed from or a remand for additional proceedings;

the panel may enter an appropriate order dismissing the appeal, affirming, reversing or vacating the judgment or order appealed from or remanding the cause for additional proceedings.

23, 1982, plaintiff received from the I.R.S. a statutory notice of deficiency. The notice asserted a deficiency in plaintiff's federal tax return for 1977 in the amount of $267.99, plus additions to tax under 26 U.S.C. §§ 6651(a) and 6653(a) in the total amount of $80.40. The notice informed plaintiff of his right to petition the United States Tax Court within ninety days if he disputed the deficiency.

Plaintiff did not file a petition with the Tax Court, but alleges that he sent a letter to the I.R.S. explaining why he believed he did not owe any tax. On August 28, 1982, plaintiff received another notice from the I.R.S. informing him that he should pay the asserted deficiency within ten days. Plaintiff wrote another letter to the I.R.S. denying that he owed any taxes. On September 28, 1982, the I.R.S. sent plaintiff a letter informing him in detail of his rights and the procedure for filing a claim for refund. Plaintiff thereupon filed the present action in the District Court for a writ of mandamus. He argues that he cannot be required to pay disputed taxes to the Government without a trial by jury.

## I

The District Court correctly held as follows:

A taxpayer may file suit in federal district court for disputed assessments if he has followed the necessary steps established by Congress. Under 28 U.S.C. § 1346(a)(1) the district court has jurisdiction in a civil action against the United States to recover any internal revenue taxes alleged to have been erroneously or illegally assessed. The claim for refund statute provides the procedure necessary for a taxpayer to file suit in federal district court.

\*　　\*　　\*　　\*　　\*　　\*

The Supreme Court has held that under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness

by a suit for refund in district court. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). In *Flora v. United States, supra,* the Court held that if a taxpayer cannot pay the full amount of the deficiency he may litigate in the Tax Court of the United States.

Plaintiff argues that a taxpayer who must litigate in Tax Court because he cannot pay the disputed tax deficiency is being denied his right to trial by jury and due process of law.

Our Constitution allows Congress to lay and collect taxes. If a taxpayer questions the amount of taxes assessed, our tax system allows the taxpayer to choose between one of three forums to challenge the assessment. They are as follows:

1) United States District Court
2) United States Claims Court
3) United States Tax Court.

By allowing the taxpayer these options, he is given due process of law.

In the present case, plaintiff has failed to follow the correct procedure, established by Congress, which would have allowed him to bring suit in this Court. Plaintiff has neither filed a claim for refund nor paid his alleged tax deficiency. Accordingly, this Court has no jurisdiction to entertain a suit for the deficiency.

 The District Court clearly was correct in refusing to issue a writ of mandamus and in dismissing the complaint for failure to state a claim upon which relief may be granted. Mandamus is an extraordinary remedy that may be granted only when the plaintiff's right thereto is clear and indisputable. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

## II

"Under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912, federal appellate courts are authorized to assess damages and single or double costs against an appellant who brings a frivolous

appeal." Annot. 67 ALR Fed. 319, 323 (1984).[2]

On June 13, 1983, the Supreme Court invoked the provisions of its Rule 49.2, which the Court adopted in 1980, and ordered appellant to pay damages for bringing a frivolous appeal. In *Tatum, Elmo C. v. Regents of Nebraska-Lincoln,* 462 U.S. 1117, 103 S.Ct. 3084, 77 L.Ed.2d 1346, the Supreme Court issued an order containing this language: "[T]he motion for respondents for damages, ... is hereby granted and damages are awarded to respondents in the amount of $500.00 pursuant to Sup. Ct.R. 49.2."

The assessment of damages in frivolous tax cases is well established. *Steinbrecher v. Commissioner,* 712 F.2d 195 (5th Cir. 1983); *Lively v. Commissioner,* 705 F.2d 1017 (8th Cir.1983); *Knighten v. Commissioner,* 702 F.2d 59 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *McCoy v. Commissioner,* 696 F.2d 1234, 1237 (9th Cir.1983); *Edwards v. Commissioner,* 680 F.2d 1268 (9th Cir.1982); *Abrams v. Commissioner,* 82 T.C. 403 (1984).

In *WSM, Inc. v. Tennessee Sales Co.,* 709 F.2d 1084, 1088 (6th Cir.1983), a frivolous trademark case, this Court declined to award damages to the appellee because the appellant in that case had proceeded *pro se.* We recognized, however, that *"[p]ro se* litigants are not of course beyond the reach of Rule 38." We note that damages were awarded against *pro se* appellants in *Steinbrecher, supra,* 712 F.2d 195; *Knighten, supra,* 702 F.2d 59; and *Edwards, supra,* 680 F.2d 1268.

The fact that appellant is proceeding *pro se* would not be a basis for this Court to decide not to assess damages against him, in the form of double costs or otherwise. The record shows that the I.R.S. informed appellant in writing on more than one occasion of his right to petition the Tax Court without first paying the deficiency, but that payment of the deficiency and denial of a claim for refund are a prerequisite for jurisdiction in the District Court.

Under the authorities set forth in Part II of this opinion, this Court clearly has discretion to assess damages against appellant in this frivolous litigation. We decline to do so, however, in the present case. Plaintiff proceeded *in forma pauperis* in both the District Court and in this Court. District Judge Krenzler granted leave to proceed *in forma pauperis* on December 16, 1982, based upon plaintiff's oath of indigency. In this oath, executed November 16, 1982, plaintiff stated that "because of his poverty, he is unable to pay the costs of said proceeding or give security therefor"; and that:

"I have not been employed for over a year, and that I have not had any adequate work for several years.

"I do not own any cars, nor do I have any checking accounts or savings accounts.

"I do not receive *any* unemployment benefits, nor do I have any property or other supplemental income i.e., stocks, bonds, rent etc.

"I have sold everything I own to take care of my obligations."

This Court, in its discretion, has decided not to assess double costs or other damages against appellant in the present case, even though, on the basis of legal issues involved, which are frivolous and entirely without merit, it would be appropriate to do so. This holding, under the particular facts of this case, is not to be construed as a precedent on the issue of assessment of double costs, damages, attorney fees, or other sanctions in cases that are adjudged to be frivolous and entirely without merit. On future appeals by indigent litigants proceeding *pro se* or *in forma pauperis,* this Court, in the exercise of its discretion, will not hesitate to assess double costs, damages, attorney fees, or other sanctions in appropriate cases.

The judgment of the District Court is affirmed on the ground that the appeal is frivolous and entirely without merit. No

---

**2.** See Martineau, Frivolous Appeals: The Uncertain Federal Response, 1984 Duke L.J. 845, 866.

costs are taxed. The parties will bear their own costs on this appeal.