818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America and Cynthia A. Fazio, Revenue Agent
of the Internal Revenue Service, Petitioners-Appellees.
v.
James STEFANOPOULOS, Respondent-Appellant.
 No. 86-3785.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1987.
 
 Before KEITH, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant James Stefanopoulos, appeals from a district court order holding him in contempt of court for his failure to obey the court's order of May 30, 1986, which directed appellant to comply with an Internal Revenue Service summons.
 
 I.
 
 2
 On January 7, 1985, the Internal Revenue Service issued a summons pursuant to 26 U.S.C. Sec. 7602, directing appellant to appear before Revenue Agent Cynthia Fazio on January 29, 1985. The summons further directed appellant to bring, and to testify in regards to, certain records in connection with appellant's federal income tax liabilities for the years 1978 through 1983. Appellant failed to appear at the January 29 meeting. On February 27, 1985, the IRS filed a petition in the federal district court to enforce the summons and sought an order directing appellant to show cause why he should not comply with the summons. On March 1, 1985, a United States Magistrate entered an order to show cause and directed appellant to file a written response before the hearing scheduled for April 25, 1985.
 
 
 3
 On April 25, 1985, the hearing was held on the order to show cause. Although appellant had not previously filed a written response, he argued at the hearing that the U.S. Magistrate lacked jurisdiction to hear the case because appellant had not consented to jurisdiction as required by 28 U.S.C. Sec. 636(c)(2). The Magistrate explained that the case was not referred to him by the district court for a final order under Sec.636(c), but was referred pursuant to Sec.636(a) and (b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation.
 
 
 4
 The Magistrate's report and recommendation was filed on April 30, 1985, recommending that the summons be enforced. Appellant filed objections to the Magistrate's report, but the district court denied appellant's demand for discovery and adopted the Magistrate's report and recommendation. Appellant filed a notice of appeal on August 29, 1985, as well as a motion for stay pending appeal.
 
 
 5
 On appeal, appellant maintained that the Magistrate lacked jurisdiction and that he should be allowed discovery. This court rejected appellant's arguments on March 11, 1986, stating that they were without merit and frivolous. The court held that the Magistrate acted within his authority and that the district court properly granted the petition for enforcement of the IRS summons. The court affirmed the district court's denial of appellant's motion to compel discovery, noting that there must be an abuse of process before a court may compel discovery in summons enforcement proceedings.
 
 
 6
 In the meantime, appellant's motion for stay pending appeal was denied on October 4, 1985, by the district court. The IRS subsequently moved for a finding of contempt on October 21, 1985, because appellant still refused to abide by the summons. The district court held an evidentiary hearing on the motion for contempt on April 4, 1986. The court noted the repeated attempts by the IRS to get appellant to produce the records in question. During this hearing, the court explained to appellant in great detail the meaning and consequences of being held in contempt. Appellant admitted he had the records in question, but he pleaded as his defense the Fifth Amendment privilege against selfincrimination. At the end of the hearing the court reserved a ruling on the motion for contempt and ordered appellant to appear before the IRS on April 7, 1986, and turn over the records in question.
 
 
 7
 On April 7, 1986, appellant did turn over some records, but the IRS felt that he had not turned over all of the requested records. The IRS then requested a hearing to determine whether appellant should be held in contempt for not following the court's most recent order. The additional hearing was held and the district court determined that appellant needed to further comply with the summons. Appellant was to indicate each employer he worked for during the years 1978 through 1983, and supply the relevant W-2 forms. He was ordered to produce a print-out of the computer disc on which he claimed to keep a record of his stock transactions; if he could not provide such a .print-out, he was to give the disc to the IRS so they could retrieve the necessary information. A hearing was scheduled for May 2, 1986, to determine if appellant had complied with the court's order.
 
 
 8
 The May 2 hearing was held, and appellant was again ordered to further comply with the summons. Appellant was ordered to provide. W-2 statements for the tax year 1981 from Prudential Bache Securities and for 1983 from Thompson McKinnon Securities. He was also to provide .brokerage statements concerning his stock transactions for the years 1978 through 1983. The court stated that if he complied with this order he would be found to have acted in good faith.
 
 
 9
 Thereafter, appellant refused to turn over all the documents specified in the court's May 13, 1986 order. The -IRS requested that the district court give appellant until July 16, 1986, to comply with the order. The court allowed appellant the time and held another contempt hearing on July 16, 1986. Appellant conceded that he had the brokerage statements required by the prior order, but had not given them to the IRS. Accordingly, appellant was held in contempt of court for failing to comply with the district court's order of May 13, 1986. The court ordered appellant to be taken into custody until he turned over the records. The court then released appellant from custody upon the posting of a $1,000 cash bond in order that appellant could file this appeal.
 
 II.
 
 10
 Appellant argues that the finding of contempt by the district court is invalid because there was no probable cause to enforce the summons. Appellant asserts there was no probable cause because Agent Fazio swore in her affidavit that the government had none of the summoned material in its possession when in fact it did have some of the material. Appellant also claims that the district court erred when it allowed Agent Schoster to testify in support of the summons when Fazio was the issuing agent. Appellant claims this testimony is inadmissible hearsay evidence.
 
 
 11
 Appellant's arguments are totally without merit. This court has already found that the enforcement of the IRS summons was proper. It is now too late for appellant to attack the validity of the affidavit. The Supreme Court stated in Maggio v. Zeitz, 333 U.S. 56, 69 (1948), that "[i]t would be a disservice to the law if we were to depart from the longStanding rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience."
 
 
 12
 Therefore, the only substantive issue before this court is whether the district court erred in holding appellant in contempt of court. The power of the court to hold a party in contempt is governed by 18 U.S.C. Sec.401, which provides:
 
 
 13
 A court of the United States shall have Power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as
 
 
 14
 (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
 
 
 15
 (2) Misbehavior of any of its officers in their official transactions;
 
 
 16
 (3) Disobedience or resistance to its lawful writ process, order, rule, decree, or command.
 
 
 17
 It is our opinion that the district court did not err in finding that appellant violated section 401(3) when he refused to abide by the court's May 13, 1986 order. A party petitioning for a civil contempt finding must prove by clear and convincing evidence that the respondent violated the order. United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984); Northside Realty Assocs., Inc. v. United States, 605 F.2d 1348, 1352 (5th Cir. 1979). In order to make a prima facie case of contempt, the moving party is required only to demonstrate that certain conduct was required (or prohibited) by a previous court order and that the alleged contemptor failed to comply. United States v. Seetapun, 750 F.2d 601, 604, 605 (7th Cir. 1984). Once the prima facie case is made, the respondent can come forward with evidence of inability to comply with the order. Maggio v. Zeitz, 333 U.S. 56 (1948). In the case at hand, the prima facie case was made when the IRS showed that appellant did not turn over the records that the court ordered him to produce. Appellant does not claim to be unable to turn over the records but instead just refuses to do so. This is a refusal to abide by a court order without just cause and therefore it is our opinion that the trial court's finding of contempt should be affirmed.
 
 
 18
 The IRS claims that appellant's appeal is frivolous and warrants sanctions. Rule 38 of the Federal Rules of Appellate Procedure provides that: "If a court shall determine that an appeal is frivolous it may award just damages and single or double costs to the appellee." This court has stated that it would not hesitate to assess sanctions in appropriate tax cases. Martin v. Commissioner, 753 F.2d 1358, 1361 (6th Cir. 1985); accord Martin v. Commissioner, 756 F.2d 38, 41 (6th cir. 1985).
 
 
 19
 In the instant case, appellant's challenge to the district court's finding of contempt is meritless. Appellant attempts to attack the validity of the summons which this court has already held was properly enforced. Accordingly, we find this appeal to be an appropriate case for the imposition of sanctions.
 
 
 20
 The IRS requests an award of double costs and attorney's fees; however, it also states that the average amount of attorney's fees and costs it has incurred in cases of this type in the past year is $1,422. The IRS suggests that in lieu of costs and attorney's fees it would be most efficient in cases of this type to just award a flat dollar amount of $1,500.
 
 
 21
 In awarding damages under Rule 38, this court has rejected a uniform national figure. Schoffner v. Commissioner, Nos. 85-3900/3915, slip op. at 3 (6th Cir. Feb. 26, 1987). However, this court has also determined that a detailed accounting is not always necessary. Although in Schoffner this court accepted as reasonable the IRS's request for a flat amount of damages, we indicated we were merely accepting that amount as appropriate in that particular case. Thus, the awarding of a flat amount of damages is not mandated by the Schoffner decision, and fashioning an appropriate sanction award remains within this court's discretion.
 
 
 22
 In the present case, we believe it is appropriate to grant damages in the form of single costs and attorney's fees. Our decision is partially influenced by the fact that the IRS in Schoffner requested a flat dollar amount of $1,200 and in the instant case requests $1,500, without giving an explanation for this discrepancy.
 
 
 23
 We accordingly affirm the judgment of the district court holding appellant in contempt. We remand this case to the district court to award the government damages equal to single costs and attorney's fees incurred in this appeal.