902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mahendra Kumar JAIN, Plaintiff-appellant,
v.
THE UNIVERSITY OF TENNESSEE AT MARTIN, Defendant-appellee.
 No. 89-5621.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1990.
 
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Mahendra Kumar Jain appeals the district court's award of $2535 in attorney's fees to defendant-appellee, The University of Tennessee at Martin.
 
 I.
 
 2
 On February 8, 1977 plaintiff-appellant Jain filed suit pursuant to title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e (Jain v. University of Tennessee, U.S. District Court, W.D.Tenn., Docket No. 77-1011), claiming defendant appellee, the University of Tennessee at Martin ("the University") had discriminated against him based on his Indian national origin and that the University had retaliated against him because he had filed a complaint against the University with the Equal Employment Opportunity Commission. After a trial on November 17-18, 1977, the district court entered judgment for the defendant on December 6, 1977. Three and one-half years later plaintiff attempted to obtain relief from this judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure (FRCP).[1] The district court denied relief under Rule 60(b). On April 9, 1981, the decision of the district court to deny relief under Rule 60(b) for case No. 70-1011 was affirmed on appeal to this court pursuant to Sixth Circuit Rule 9(d)(3) (Order of the United States Court of Appeals for the Sixth Circuit, No. 80-5412).
 
 
 3
 On August 17, 1981, Jain commenced the present action in the district court for the Western District of Tennessee pro se by filing a complaint, alleging that the University had violated his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution (District Court Docket No. 81-1122).
 
 
 4
 On May 28, 1986, the district court issued an order on the pending motions involved in the present action. Before the court were defendant's, the University's, motion to dismiss the complaint as barred by the doctrine of res judicata and plaintiff's, Jain's, motion to amend the complaint. In its May 28, 1986 order, the district court stated that to the extent the plaintiff sought to relitigate the claims of discriminatory and retaliatory treatment adjudicated in Case No. 70-1011, which involved the pre-1977 conduct of the University of Tennessee, those claims were barred by the doctrine of res judicata and were therefore dismissed. The district court continued: "because plaintiff alleges acts of discrimination and retaliation after November 18, 1977, this ruling does not require dismissal of the complaint" in its entirety. The district court thus allowed plaintiff to continue to pursue his claims against defendant that involved post-1977 conduct of the University, alleging that defendant violated his rights under the 1st, 5th and 14th Amendments and 28 U.S.C. Secs. 1981 and 1983.
 
 The district court stated in the order:
 
 5
 Because plaintiff has made allegations of discrimination after November 18, 1977 that are not patently without merit, his complaint cannot be said at this time to be "frivolous, unreasonable or without foundation."
 
 
 6
 The district court thus found defendant's request for attorney's fees at that time to be premature. The request for attorney's fees was denied with leave to renew the request at a later date.
 
 
 7
 The district court's May 28, 1986 order also addressed plaintiff's motion to amend the complaint filed under Docket No. 81-1122. Plaintiff's motion to amend consisted of a motion to relieve him of the judgment in suit No. 70-1011 under FRCP Rule 60(b) on the ground that "fraud was committed upon the court by defendant." This fraud allegedly consisted of (1) a conflict of interest on the part of Jain's attorney in No. 77-1011 in proceeding against his alma mater, (2) acts of defendant's officials to cover-up and withhold evidence, (3) presentation of false evidence, (4) intimidation of plaintiff and witnesses, and (5) violation of "ABA codes" by defendant's attorneys.
 
 
 8
 In its May 28, 1986 order, the district court first found that plaintiff had already filed a Rule 60(b) motion to set aside the judgment in case No. 77-1011, alleging that his attorney's representation and defendant's actions warranted setting aside of the judgment. This court had upheld the district court's denial of that Rule 60(b) motion on April 9, 1981 in Order No. 80-5412.
 
 
 9
 The district court next concluded that plaintiff's allegations of fraud in the present Rule 60(b) motion were totally without merit. Because it found plaintiff's allegations of fraud on the court frivolous on its face, the district court denied plaintiff's motion to amend the complaint in case No. 81-1122 to include a Rule 60(b) motion concerning case No. 77-1011.
 
 
 10
 Jain filed a motion for reconsideration from the May 28, 1986 order on June 20, 1986, which the district court denied. In its order denying plaintiff's prayer for reconsideration, the district court stated:
 
 
 11
 In the May 28, 1986, order, this Court specifically noted Judge McRae's finding in an earlier case between these parties that the university did not discriminate or retaliate against Jain before 1977. Jain v. University of Tennessee at Martin, No. 77-1011, slip op. at 4, 8 (W.D.Tenn. May 1, 1978) (Jain I ). Plaintiff's attempt to relitigate the university's pre-1977 conduct was rejected in this Court's May 28, 1986, order. In light of the express rulings of this Court in both Jain I and the present case, any further attempts to relitigate pre-1977 discrimination or retaliation claims will be considered frivolous and may subject plaintiff to sanctions under Rule 11, Federal Rules of Civil Procedure.
 
 
 12
 Plaintiff then appealed from the May 28, 1986 order of the district court, but this court dismissed the appeal because the district court order from which the plaintiff was appealing disposed of fewer than all of the claims (plaintiff's post-1977 constitutional claims were not dismissed). The May 28, 1986 order was therefore not appealable as a final order. (Order of the United States Court of Appeals for the Sixth Circuit, No. 86-5966).
 
 
 13
 On June 30, 1986, the University moved for dismissal of the remaining constitutional and statutory claims in Jain's complaint on the ground that the University was an arm of the state and immune from suit under the Eleventh Amendment. On August 6, 1986, the district court denied the University's motion to dismiss, but granted the University "leave to raise the defense of sovereign immunity in a properly supported motion for summary judgment." On November 19, 1986, the University moved for summary judgment, invoking sovereign immunity, and on August 18, 1987, the district court granted the University's motion for summary judgment, finding it possessed Eleventh Amendment immunity. Jain appealed to this court, who affirmed the district court's grant of summary judgment. (Order No. 87-6068). A rehearing en banc was denied on April 22, 1988, and a petition for writ of certiorari was denied by the Supreme Court on October 3, 1988.
 
 
 14
 On November 18, 1988, plaintiff filed a motion (motion I) under Rule 60(b) of FRCP first requesting the court to address under title VII claims of alleged discriminatory conduct by defendant occurring after 1977 as title VII claims are not barred by sovereign immunity. The district court found that plaintiff had never requested leave to amend his complaint in case No. 81-1122 to seek relief under title VII for post-1977 conduct. FRCP Rule 15(a) requires that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Because defendant had filed a responsive pleading in case No. 81-1122 on January 29, 1982, and plaintiff had never subsequently sought leave of court or written consent of defendant to amend the complaint to include these claims,[2] no title VII claims regarding post-1977 conduct were ever before the court in action No. 81-1122. The district court found that plaintiff's Rule 60(b) motion, which also alleged that new evidence had surfaced on the issue of sovereign immunity, was untimely as it was not made within one year from the time the district court issued a summary judgment concerning sovereign immunity on August 18, 1987. The district court denied plaintiff's motion II of November 18, 1988, which requested the court to advise him of the consequences of filing lawsuits against certain individuals connected with the University, because the district court does not render advisory opinions.
 
 
 15
 In the same order denying plaintiff's motions I and II of November 18, 1988, the district court granted defendant's motion for attorney's fees. The court found that plaintiff was correct in stating that on May 28, 1986, the court had ruled that his complaint was not entirely frivolous concerning post-1977 constitutional claims. The court found, however, that the documents filed and signed by plaintiff in which he argued "fraud" on the court were neither well grounded in fact nor warranted by existing law or a good faith argument for the extension, modification or reversal of the law. The court found that the allegations of fraud were "frivolous, unreasonable, [and] without foundation." The court concluded that under Rule 11 of FRCP an appropriate sanction was an award of attorney's fees for the time spent by defendant's counsel "from September 9, 1982, the date plaintiff first sought to amend the complaint to allege 'fraud,' through September 8, 1986, when the plaintiff filed his notice of appeal from the May 28, 1986 order, plus the time spent preparing the motion for attorney's fees." The court stated that defendant's counsel had documented 25.35 hours of work during this period and that $100 per hour was a reasonable fee. Therefore, defendant was awarded a sum of $2,535 in attorney's fees. Plaintiff timely filed this appeal.
 
 II.
 
 16
 Appellant alleges that the district court erred in the award of attorney's fees as he pursued his claims of fraud in good faith and also pursued constitutional claims which the district court had stated were not totally without merit.
 
 
 17
 This court reviews an award of attorney's fees under Rule 11 under an abuse of discretion standard. Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). FRCP Rule 11 permits a district court to impose sanctions against a party who has filed and signed a pleading or motion if it concludes that it has no basis in fact or law. In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), the Supreme Court held that a plaintiff is subject to an assessment of attorney's fees if the court finds his claims are frivolous, unreasonable or without foundation or it becomes clear that such is the case and the plaintiff continues to litigate the claim. The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. Herron v. Jupiter Transp. Co., 858 F.2d 332, 335 (6th Cir.1988). This court has stated that concerning appeals by litigants proceeding pro se, the court, in the exercise of its discretion, should not hesitate to assess attorney's fees in appropriate cases. Martin v. CIR, 753 F.2d 1358, 1361 (6th Cir.1985).
 
 
 18
 In the present case, the district court determined that plaintiff's allegations of fraud on the court were "frivolous, unreasonable, [and] without foundation." The district court did not abuse its discretion in making this determination.
 
 
 19
 First plaintiff's dissatisfaction with his attorney's representation had already been the subject of a Rule 60(b) motion made in Docket No. 77-1011, a motion that was denied by the district court and affirmed by this court in Order No. 80-5412. The denial of this 60(b) motion put plaintiff on notice that such claims were without foundation, yet he continued to litigate the claim. Second, although misconduct by an attorney may constitute fraud on the court, see, e.g., H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1118-19 (6th Cir.1976), the facts asserted by plaintiff are not sufficient to allege that defendant's attorneys committed a fraud upon the court. As an example, plaintiff cites a letter by attorney Brogan in which Mr. Brogan stated that he had carefully examined plaintiff's complaint and that, in his opinion, it was without merit. According to plaintiff, this is proof that Mr. Brogan was involved in an attempt by defendant to cover-up its allegedly wrongful conduct. An attorney's opinion that a claim is meritless does not constitute fraud. Another example is found in plaintiff's motion to amend his complaint on September 10, 1982. Plaintiff alleged that fraud was committed upon the court because defendant's attorney quoted only a portion of FRCP 60(b) in its defense, taking advantage of plaintiff's lack of knowledge of FRCP 60(b). This claim is frivolous on its face.
 
 
 20
 With respect to his allegation that defendant presented false evidence and testimony, plaintiff offered no proof other than the conclusory allegations of his complaint, which simply restate plaintiff's versions of the facts, including the pre-1977 time period previously litigated in No. 77-1011. These allegations are insufficient evidence of fraud on the court. Plaintiff also alleged that defendant created a climate of fear on the UTM campus in order to intimidate its employees from taking actions to correct allegedly discriminatory practices. Even if this allegation is accepted as true, it does not constitute fraud on the court.
 
 
 21
 Plaintiff has filed numerous complaints, motions and memoranda attacking the honesty and impartiality of Judge McRae during the time period specified by the district court for the award of attorney's fees. These allege that Judge McRae's annoyance and hostility toward plaintiff were the real reason for his inability to prevail, that Judge McRae signed fraudulent instruments, that he made secret deals with the attorneys behind plaintiff's back, that the oral rulings he gave from the bench were part of a sell-out, and that he fraudulently narrowed Jain I to title VII. Plaintiff does not offer any evidence to support his outrageous charges. A review of the record discloses no indication of bias on the part of the district judge. Apart from his groundless assertions of impropriety, plaintiff has failed to point to any erroneous findings of fact or improper applications of law. For these reasons, we agree with the district court that these claims of fraud have no basis in fact or law.
 
 III.
 
 22
 Second, appellant Jain alleges that the manner in which the attorney's fees were calculated constituted an abuse of discretion.
 
 
 23
 In his affidavit accompanying his request for attorney's fees, defendant's attorney Ronald C. Leadbetter stated that he received a salary from the University of Tennessee and was not paid on an hourly basis. However, in anticipation of petitioning the court for an award of attorney's fees, he had maintained on the back cover of his pleadings a record of the portion of the time expended in defending this action. He emphasized that the time recorded was but a small portion of the time he had expended since January 17, 1982 in defending this action. He stated that at an absolute minimum, he had spent at least 150 hours of time in defending the action, only 73.6 of which were documented. At a reasonable fee of $100 per hour, he requested an award of attorney's fees of $15,000.[3]
 
 
 24
 The district court stated in its February 1, 1989, order granting defendant's motion for attorney's fees and costs that defendant's counsel, Ronald C. Leadbetter, had documented 25.35 hours of work during the time period for which fees were to be awarded (9/9/82-9/8/86). The district court wrote, "As Mr. Leadbetter states in his own affidavit that the time documented represents at most only half the actual time expended on this case, the court is of the opinion that the fee award is an extremely conservative amount." Even though Mr. Leadbetter's calculations are not exact and involve a time period in which plaintiff also pursued claims that were not totally meritless, the district court's acceptance of Mr. Leadbetter's statement that the amount of time that was documented was only half that expended was not an abuse of discretion given the amount of litigation that the present case has produced.
 
 
 25
 We find that 25.35 hours was a reasonable estimate of the time spent in addressing the meritless fraud claims, plaintiff's repeated Rule 60(b) motions attacking the district court's judgment in case No. 70-1011, and plaintiff's attempts to relitigate pre-1977 conduct of the University. In plaintiff's confused briefs and memorandums the constitutional claims involving post-1977 conduct are interwoven with the frivolous fraud claims and the claims involving pre-1977 conduct, claims which plaintiff has repeatedly been informed are barred by the doctrine of res judicata. At every opportunity, plaintiff renews his attempts to assert FRCP 60(b) motions alleging fraud on the court in case No. 70-1011.[4] Moreover, although plaintiff was warned in a June 20, 1986 order by the district court that further attempts to litigate pre-1977 discrimination or retaliation claims would be considered frivolous and subject plaintiff to sanctions under Rule 11, plaintiff continues to assert these pre-1977 claims before this court intertwined with his claims of fraud. We find that plaintiff's conduct concerning these meritless claims has not been reasonable under the circumstances. Herron, 858 F.2d at 335 (6th Cir.1988). The principal goal of Rule 11 sanctions is deterrence. Jackson, 875 F.2d at 1229. Because of the excessive amount of litigation in this case in which plaintiff persists in pursuing his claims of fraud on the court and those concerning the pre-1977 conduct of the University, claims which have no basis in fact or in law, the district court correctly determined that sanctions were necessary in order to bring an end to this action. Moreover, the nature and extent of the sanction is within the broad discretion of the district court. Mihalik v. Pro Arts, Inc., 851 F.2d 790, 792 (6th Cir.1988). We find that in the circumstances of this case, an award of $2535 in attorney's fees was not an abuse of discretion. For these reasons the decision of the district court to award attorney's fees is affirmed.
 
 IV.
 
 26
 Plaintiff also petitions this court to hear an appeal from the district court's February 1, 1989 order, denying plaintiff's motions I and II of November 18, 1988. This appeal arises from the district court's denial of the plaintiff's attempts to obtain relief from judgment in case No. 81-1122 pursuant to Rule 60(b), Federal Rules of Civil Procedure. The plaintiff's notice of appeal was timely filed within one year of the district court order on February 1, 1989, and this court therefore has jurisdiction to consider the merits of the appeal.
 
 
 27
 We conclude that the district court did not abuse its discretion in denying relief under Rule 60(b), Federal Rules of Civil Procedure. In Motion I, plaintiff's first claim concerned post-1977 conduct of the University under title VII which was never before the district court in action No. 81-1121. Plaintiff's second claim in Motion I that new evidence had been found on the issue of sovereign immunity was not timely filed within one year of the district court's grant of summary judgment to defendant on August 18, 1987. Plaintiff's motion II of November 18, 1988 requested an advisory opinion, which this court does not grant. The decision of the district court denying plaintiff's motions I and II of November 18, 1988, must therefore be upheld on appeal. Browder v. Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1977).
 
 
 
 [1]
 Federal Rule of Civil Procedure 60(b) states in pertinent part:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 [2]
 The court concluded that even though proceeding pro se, plaintiff was well aware of Rule 15(a), as evidenced by his September 9, 1982 motion to amend
 
 
 [3]
 Plaintiff alleges that a fee of $100 per hour was unreasonable because Leadbetter's salary had to be less than $80,000 per year, which would amount to an hourly rate of $35 per hour. See Reply Brief of appellant at 8. Jain contends that it is unfair to award the University a fee of $100 per hour, which would be paid to a private attorney, when it used its in-house attorney for this action
 He also contends that 1982-1986 rates should be used, not 1988-89 rates. Id. at 9.
 
 
 [4]
 In his Petition for Hearing through this Written Brief filed in the present action on June 16, 1989, plaintiff makes yet another attempt to assert a Rule 60(b) motion to vacate the judgment in case No. 70-1011