902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. ROSCOE; Plaintiff-Appellant,
M.M. Meason, Inc.; Roscoe Publishing, Inc.; Bill Roscoe
Double Reeds, Inc., Plaintiffs,
v.
UNITED STATES of America; Nicholas Brady, The Secretary of
the Treasury; Commissioner of Internal Revenue; Al Kilak,
District Director of Internal Revenue; Kenneth G. (Jerry)
Whitt; Bill Horton; John L. Dyess; Robert Pointer; Gary
Gentry; Tommy A. Henderson; Bart J. Slattery, III:
Russell D. Brackins; Evelyn Miller; Michael C. Brock;
Gordon Broom; H.M. Browning, Defendants-Appellees.
 No. 89-6006.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges; and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 William A. Roscoe, a pro se Tennessee resident, appeals the district court's dismissal of his tax protest suit filed pursuant to 28 U.S.C. Secs. 1331, 1343 and 1346, and 42 U.S.C. Sec. 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Roscoe is a former business owner who characterizes this action as an employment tax case. He sued the United States and various officials and employees of the Internal Revenue Service (IRS) alleging that the withholding tax law, 26 U.S.C. Sec. 3401 et seq., is unconstitutional because it conflicts with the taxing power conveyed to Congress by the United States Constitution. Roscoe also alleged that his civil rights have been violated by the defendants who have sought to enforce the illegal tax. Roscoe requested: (1) the withholding tax statute be declared unconstitutional; (2) abatement of taxes illegally assessed; and (3) recovery of money damages for violation of his constitutional rights.
 
 
 4
 The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for plaintiff's failure to state a claim upon which relief could be granted. The court found that sovereign immunity barred suit against the United States, and that the officials and employees of the IRS were entitled to qualified immunity. The court later denied Roscoe's motion to vacate its order.
 
 
 5
 On appeal, Roscoe reasserts his claims, and the defendants have requested sanctions under Fed.R.App.P. 38.
 
 
 6
 Upon review, we affirm the district court's judgment. Roscoe's claims against the United States and the individual defendants (while acting in their official capacities) are barred by sovereign immunity because the United States has not consented to be sued in respect to actions connected with the assessment or collection of taxes. See 28 U.S.C. Sec. 2680(c); Ecclesiastical Order of the Ism of Am v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (per curiam).
 
 
 7
 Likewise, to the extent Roscoe claimed that the individual defendants acted in their individual capacities, the relief sought is barred by qualified immunity because defendants did not violate any of Roscoe's clearly established statutory or constitutional rights. See Mitchell v. Forsyth, 472 U.S. 511, 517 (1985). Roscoe also failed to state a claim under 42 U.S.C. Sec. 1985 because he did not allege that he was the victim of racial or other class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 8
 Finally, we conclude that this case is appropriate for imposition of damages pursuant to Fed.R.App.P. 38 because the arguments presented in this appeal are clearly frivolous. See Schoffner v. Commissioner, 812 F.2d 292, 294 (6th Cir.1987) (per curiam); Martin v. Commissioner, 753 F.2d 1358, 1361 (6th Cir.1985).
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and damages are hereby assessed against Roscoe in the amount of $1200.00 under Fed.R.App.P. 38.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation