**Paul WILCOX, Plaintiff,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendants.**

No. 1–93–CV–150.

United States District Court, E.D. Tennessee, Chattanooga.

Oct. 15, 1993.

Paul Wilcox, pro se.

Shannon L. Hough, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants.

### *MEMORANDUM OPINION*

JORDAN, District Judge.

In this civil action, the plaintiff says that he has worked as an independent trucker, moving household goods; that his practice has been to recruit "pick-up" labor to assist him in loading and unloading in the various locations where he has contracted to move goods; and that the Internal Revenue Service has taken the position that the plaintiff should be responsible for FICA taxes with respect to the laborers employed by him from time to time. The plaintiff states in his

initial pleading, "The IRS has refused to issue a statutory notice. This prevents [the plaintiff] from going to small tax court."

In his initial pleading, the plaintiff says also that "Mrs. Wilcox," who, the court assumes, was the plaintiff's spouse, "operated a small restaurant in Athnes (sic), Tennessee … from 1985 to 1989," and that she was admittedly late in filing IRS forms 940 and 941, was slow to pay some taxes due, and left some taxes unpaid. With respect to this aspect of his complaint, the plaintiff states concerning Mrs. Wilcox, "She feels that she owes some $4,000.00. The IRS insist (sic) she owes $13,000.00. She ask (sic) the court to review certain records & determine the correct amount." In his initial pleading, the plaintiff advises the court that Mrs. Wilcox is now deceased.

In addition to the declaratory relief prayed for, as stated above, in his initial pleading, "Mr. Wilcox respectfully request (sic) that the court order the IRS to cease and desist from making any effort to collect monies they (sic) say are due & to lift any levy on any property until these matters can be settled."

The defendant United States has moved [doc. 5] to dismiss the plaintiff's civil action on the ground of lack of jurisdiction of the subject matter. The plaintiff has not responded to this motion within the time allowed by L.R. 7.1, E.D.Tenn. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." L.R. 7.2, E.D.Tenn.

██ In its brief [doc. 6] in support of its motion, the defendant United States sets out accurately the applicable law. The plaintiff may not litigate his liability for federal taxes under 28 U.S.C. § 2410(a); that provision provides a limited waiver of the United States' sovereign immunity for the purpose of allowing a party to contest the procedural regularity of a lien; "it may not be used to challenge the underlying tax liability." *Pollack v. United States*, 819 F.2d 144, 145 (6th Cir.1987) (citations omitted).

The plaintiff cannot sue the government under 26 U.S.C. § 7426, because he is litigating the issues raised by him as a taxpayer, not as the innocent third party whose property is subject to levy for the enforcement of another's tax liability. The plaintiff has not brought his lawsuit under 28 U.S.C. § 1346(a)(1); he has not alleged here any compliance with the claim-for-refund statute, 26 U.S.C. § 7422. Section 7422(a) provides,

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*See generally Martin v. Commissioner of Internal Revenue*, 753 F.2d 1358 (6th Cir. 1985).

It is clear that the plaintiff has not stated any ground on which the court might award the "cease and desist" remedy which he seeks, under the Anti–Injunction Act, 26 U.S.C. § 7421(a). That provision states that, except as provided in certain other statutes not applicable here, "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

It follows from what has been stated that the court does not have jurisdiction of the subject matter of this civil action, and that the defendant United States' motion to dismiss is therefore well taken under Fed. R.Civ.P. 12(b)(1). The court will accordingly grant this motion, and dismiss this civil action.