NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0244n.06
Filed: April 6, 2006

No. 05-1013

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **CATHERINE NICOLE DONKERS**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **WILLIAM J. SIMON, JR.; WENDY POTTS; SIXTH JUDICIAL CIRCUIT COURT; CHARLES W. SIMON**, **JR**. | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellees*. | ) | |

BEFORE:    MARTIN, NELSON and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Plaintiff-Appellant Catherine Nicole Donkers appeals the district court's dismissal of her complaint seeking declaratory and injunctive relief against the Sixth Judicial Circuit Court of Michigan and two judges sitting on that court. In summary, Donkers finds fault with the manner in which a state civil action that she initiated has been handled in state court, and she alleges infringement upon her due process and First Amendment free exercise rights, among other claims. Because the Defendants-Appellees have all now recused themselves from hearing Donkers's state court action, resulting in the case's reassignment to another Michigan court, this matter no longer presents a live case or controversy. Accordingly, we dismiss this appeal as moot.

I.

The pro se federal civil suit that is the subject of this appeal relates back to a state civil action originally filed by Donkers in Oakland County, Michigan in 2002. Donkers sued another Michigan resident for sexual assault, and the matter was originally assigned to Judge Debra Tyner. For reasons that are absent from the record, Donkers came to believe that Judge Tyner was biased against her; Judge Tyner signed an Order of Disqualification/Reassignment and the matter was reassigned to visiting judge Charles W. Simon, Jr., a retired judge from the Ionia County Circuit Court. Donkers questioned Judge Simon's authority to preside over her action because she believed that he had not filed the appropriate oath of office. Donkers filed a motion to disqualify Judge Simon, which he heard and denied. During these proceedings, tension arose between Donkers and Judge Simon over her refusal to rise when the judge entered or exited the courtroom; Donkers stated that her refusal to stand was based upon sincerely held religious beliefs of which the court had been apprised. Donkers claims that on account of this altercation, the judge twice refused to take the bench and hear her motion, resulting in repeated reschedulings. Donkers's motion to disqualify Judge Simon was also heard by the chief judge of the circuit, Judge Wendy Potts, and again denied.

Convinced that Judge Simon would "sabotage" her case, on the eve of her scheduled trial Donkers filed suit in federal district court, at which point her state court proceedings were stayed. The relief sought by Donkers in her federal complaint fell generally into three categories: first, declaratory judgments that Judge Simon is not qualified to hear Donkers's action and that his refusal to recuse himself and Judge Potts's refusal to remove him constituted violations of Donkers's due process rights; second, a declaratory judgment that Judge Simon deprived Donkers of her right to

the free exercise of her religion; and third, an injunction preventing Judge Simon from presiding over Donkers's state court action. The district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, citing the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust* Co., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and *Younger* abstention principles, *see Younger v. Harris*, 401 U.S. 37 (1971).

On appeal, Donkers challenges the district court's application of the *Rooker-Feldman* and *Younger* doctrines to deny her due process and free exercise claims, and also raises various objections to what she perceives to be irregularities in the procedures followed by the district court, including alleged disregard for the court's local rules and failure to provide adequate findings of fact.

Meanwhile, as a result of Donkers's filing suit in federal district court against them, both Judge Simon and Judge Potts, and indeed the entire Sixth Judicial Circuit of Michigan, have recused themselves from hearing Donkers's state court action, and the case has been reassigned to neighboring Macomb County. Because of this reassignment, the defendants argue that the present appeal is moot.

II.

Before reaching the merits of Donkers's appeal, we must determine whether a live case or controversy remains that would provide this court with Article III jurisdiction to hear the appeal. *Cleveland Nat'l Air Show, Inc. v. U.S. Dept. of Treasury*, 430 F.3d 757, 761 (6th Cir. 2005).

Despite the reassignment of her action to a new judge before a new court, Donkers argues that her appeal is not moot, because transfer to the new venue is unsatisfactory in that it will result

in extra travel expenses, parking expenses, expenses associated with the re-issuance of subpoenas, and the like. She represents that both she and the defendant in her state court action wish to have the case transferred back to Oakland County.

Donkers arguments are somewhat perplexing, because she complains about the very relief that her original district court complaint seemed to seek. It may be that Donkers hoped to be assigned another judge in the same county, but the recusal of the entire Sixth Judicial Circuit of Michigan was a natural consequence of her own actions of naming the entire court as a defendant. Donkers's continued appeal suggests that she is seeking some sort of vindication from this court that she was right and the state court was wrong, rather than a simple reassignment of her case. For example, she argues that Judge Simon's decision to recuse himself "does not change the fact that Donkers's religious beliefs were improperly infringed upon." Insofar as Donkers seeks such validation, this court cannot provide it, as we are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Donkers further argues that her case is not moot because she may appear in Oakland County court again, and it is "not unlikely" that she would be penalized for her failure to stand when the judge enters the courtroom. We recognize that an exception to the mootness doctrine exists for harms that are deemed to be capable of repetition yet evading review. *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005). Even under this exception, however, a plaintiff must show a "reasonable expectation" or "demonstrated probability" that the same controversy will arise; a "mere physical or theoretical possibility" is not sufficient. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Because the plaintiff's current civil suit has been transferred to another court, there is nothing to suggest that Donkers will appear in Oakland County court again, other than Donkers's own demonstrated litigiousness. Nor is there anything to suggest that she will be subjected to the same alleged infringement on her free exercise rights. "Absent a sufficient likelihood that [s]he will again be wronged in a similar way, [Donkers] is no more entitled to an injunction than any other citizen of [Oakland County]." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

We also recognize that if Donkers were seeking nominal or other monetary damages, then her case would not be mooted by the mere fact that her claim for declaratory or injunctive relief is moot. *See Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005); *see also O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005). Donkers is a pro se litigant and therefore we liberally construe her pleadings. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even so, Donkers's complaint unambiguously seeks only declaratory and injunctive relief, and this court cannot invent requests for damages that the plaintiff did not make, particularly at this point in the litigation. *Cf. Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (rejecting "claim for nominal damages extracted late in the day from [a] general prayer for relief and asserted solely to avoid otherwise certain mootness").

III.

Defendants argue that Donkers's appeal is frivolous and request costs pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. Although pro se litigants are not as a rule beyond the reach of Rule 38, a pro se plaintiff cannot "be held to the high standards to which members of the bar aspire or should aspire." *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088

(6th Cir. 1983). Donkers puts forth a "cognizable, albeit strained, interpretation" of the relevant law pertaining to mootness. *See Allinder v. Inter-City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998). We also observe that Donkers was granted leave to appeal in forma pauperis. In keeping with past practice of this court, we decline to assess costs against a pro se appellant with limited financial resources, even if, "on the basis of legal issues involved, . . . it would be appropriate to do so." *Martin v. Comm'r*, 753 F.2d 1358, 1361 (6th Cir. 1985).

IV.

For the preceding reasons, the appeal is dismissed as moot and Defendants-Appellees' request for costs is denied.