STEMEN, APPELLANT, *v.*
RHODES ET AL., APPELLEES.

(No. L-81-318—Decided April 2, 1982.)

*Mr. R. Martin Galvin,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellees.

DOUGLAS, J. This case comes before this court on appeal from a judgment of the Lucas County Court of Common Pleas, dismissing plaintiff-appellant's complaint.

On November 5, 1980, appellant, Victor Stemen, instituted a class action against defendants-appellees, the state of Ohio and various named officials of the state and its political subdivisions, individually, and in their official capacities. In his complaint, appellant alleged that appellees had unlawfully assessed sales taxes against appellant, and the class he purported to represent, in violation of R.C. 5739.13. Appellant sought thereby injunctive relief, the recovery of the allegedly unlawfully collected taxes, and damages.

On December 11, 1980, appellees filed a motion to dismiss the complaint on the ground that the Lucas County Court of Common Pleas did not have jurisdiction over the subject matter of the action. On October 7, 1981, the trial court granted said motion and dismissed appellant's complaint. From that judgment, appellant appeals, presenting the following assignment of error:

"The lower court committed prejudicial error in granting the appellees [*sic*] motion to dismiss the appellant's complaint on the basis that the lower court did

not have jurisdiction over the subject matter of the action."

Appellant contends that the trial court did have jurisdiction over the subject matter of the case pursuant to R.C. 2723.01, which provides that:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

Appellees contend, however, that the trial court did not have jurisdiction over the subject matter of the case, the authority granted in R.C. 2723.01 having been limited by R.C. 5703.38 and the cases construing it.

R.C. 5703.38 provides, in pertinent part, that:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the auditor of state, treasurer of state, or attorney general required by law to be taken in pursuance of any such order, determination, or direction."

See, also, *Torbet* v. *Kilgore* (1966), 6 Ohio St. 2d 42 [35 O.O.2d 48], in which the Ohio Supreme Court held, at paragraph three of the syllabus, that:

"The specific provisions against an injunction in Section 5703.38, Revised Code, limit the general authority of the Common Pleas Court, that is provided for in Section 2723.01, Revised Code, to render an injunction against an illegal levy or collection of taxes and assessments."

Further, while the language of R.C. 5703.38 is limited to injuntive relief, the Ohio Supreme Court has construed R.C. 5703.38, in the syllabus of *Hakim* v. *Kosydar* (1977), 49 Ohio St. 2d 161 [3 O.O.3d 211], as prohibiting "* * * a Court of Common Pleas *from entering an order which has the effect* of suspending or stay-

ing an order, determination, or direction of the Department of Taxation. (*Torbet* v. *Kilgore*, 6 Ohio St. 2d 42 [35 O.O.2d 48], approved and followed.)" (Emphasis added.)

In reaching its holding, the court reasoned at 164-165 of *Hakim, supra,* as follows:

"In the instant case, appellee does not specifically request permanent injunctive relief; rather, she seeks a vacation of the judgment procedurally following a sales tax assessment which has become final, and removal of the lien attaching by virtue of R.C. 2329.02. Is R.C. 5703.38 broad enough to encompass such an action? We conclude that it is.

"* * *

"* * * It is axiomatic that an unambiguous statute means what it says. *Chope* v. *Collins* (1976), 48 Ohio St. 2d 297, 300 [2 O.O.3d 442], fn. 2, 358 N.E. 2d 573.

"It has not been demonstrated how, once deprived of his judgment, appellant could institute a proceeding to collect the tax from appellee. Although no 'injunction' literally has been issued, if the Tax Commissioner is precluded by Court of Common Pleas action from moving to collect a tax, his assessment is effectively suspended. Hence, vacation of the judgment for the Tax Commissioner against appellee has an effect equal to that of an injunction and is barred by R.C. 5703.38.

"Consistent with the decision in *Torbet, supra,* it is our conclusion that R.C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department of Taxation, and that the entry of judgment for appellee by the court below was error.

"Attributing this effect to R.C. 5703.38 will not result in an absolute denial to courts of the right to determine the legality of a tax. This court already has pointed out that provisions remain, under R.C. 5717.02 *et seq.,* for appeals from any final determinations of the Tax

Commissioner to the Board of Tax Appeals and from the decisions of the board directly to this court."

Considering the foregoing, we find that the trial court did not err in dismissing appellant's complaint for lack of subject matter jurisdiction. We, therefore, find appellant's assignment of error not well taken.

*Judgment affirmed.*

CONNORS, P.J., and POTTER, J., concur.