**Ray C. BLACKBURN,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 80–1504.

United States Court of Appeals,
Sixth Circuit.

Argued April 21, 1982.
Decided June 23, 1982.

Ray C. Blackburn, Cleveland, Ohio, pro se.

M. Carr Ferguson, Richard Farber, Melvin E. Clark, Michael L. Paup, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, N. Jerold Cohen, Chief Counsel, I.R.S., Thurman Hill, Jr., Washington, D. C., for respondent-appellee

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Ray C. Blackburn, petitioner, appeals in pro per from an adverse judgment of the United States Tax Court. In dispute is petitioner's tax liability for four years, 1967–70.

He did not file a return for 1967 or 1970, or at least the IRS did not receive returns for those years. His returns for 1968 and 1969 were filed four and one-half and three and one-half years late. Petitioner blames these troubles on the poor financial health of the Security Sewage Equipment Company, his own personal poor health, and several floods at his office beginning in 1968.

The IRS determined that he owed the government about $8,600 in income tax for 1967–70 and assessed penalties amounting

**462**

to about $1,900 for filing late and negligently or intentionally being deficient.

A trial was conducted before the Tax Court. The Court disallowed nearly all of petitioner's claims for itemized deductions because of his failure to substantiate them. In the end, the Court found that petitioner was $3,800 deficient and assessed penalties of $1,500.

 Petitioner appeared before this court in person to argue that he had been deprived of a fair trial and unconstitutionally deprived of his right to a trial by jury. We find no merit to the first of these contentions, and the jury trial issue has been decided many times adversely to his argument. In *Mathes v. Commissioner*, 576 F.2d 70 (5th Cir. 1978) (per curiam), the Fifth Circuit said:

> Taxpayers also assert they were denied their Seventh Amendment right to trial by jury before the Tax Court. The Seventh Amendment preserves the right to jury trial "in suits at common law." Since there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2314, at 68–69 (1971). Thus, there is a right to a jury trial in actions against the United States only if a statute so provides. Congress has not so provided when the taxpayer elects not to pay the assessment and sue for a redetermination in the Tax Court. For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court. 28 U.S.C. §§ 2402 and 1346(a)(1). The law is therefore clear that a taxpayer who elects to bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury. *Phillips v. Commissioner*, 283 U.S. 589, 599 n. 9, 51 S.Ct. 608 [612 n. 9], 75 L.Ed. 1289 (1931); *Wickwire v. Reinecke*, 275 U.S. 101, 105–106, 48 S.Ct. 43 [44–45], 72 L.Ed. 184 (1927); *Dorl v. Commissioner*, 507 F.2d 406, 407 (2d Cir. 1974) (holding it "elementary that there is no right to a jury trial in the Tax Court.").

576 F.2d at 71–72. *Accord, Olshausen v. Commissioner*, 273 F.2d 23 (9th Cir. 1959), cert. denied, 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517 (1960); *Barnstone v. McKeever*, 477 F.Supp. 108 (S.D.Tex.1979); *cf. Johnston v. Commissioner*, 429 F.2d 804 (6th Cir. 1970).

 Finally, taxpayer contends that the Tax Court's findings were clearly erroneous. Our review demonstrates that petitioner failed to carry the burden of proving his entitlement to his claimed deductions. *See Commissioner v. Duberstein*, 363 U.S. 278, 290–91, 80 S.Ct. 1190, 1199–1200, 4 L.Ed.2d 1218 (1960); *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

The judgment of the Tax Court is affirmed.