REUBEN G. MONTOYA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Montoya v. Commissioner
Docket No. 30585-81.
United States Tax Court
T.C. Memo 1983-36; 1983 Tax Ct. Memo LEXIS 751; 45 T.C.M. (CCH) 552; T.C.M. (RIA) 83036; January 19, 1983. Reuben G. Montoya, pro se. Gary A. Benford, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Sec. 6651(a),
Sec. 6653(a),
Sec. 6654,
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1978
$1,216
$304.00
$60.80
$38.91
1979
$ 526
$131.50
$26.30
$22.31
Petitioner has alleged error in respondent's determinations that (1) he received gross income in 1978 and 1979 in the stated amounts, (2) no deductions were allowable, and (3) he was liable for additions to tax. Although petitioner was sworn as a witness, he maintains that providing information about his income would infringe his constitutional rights *752 under the Fifth Amendment of the Constitution. As a result, the record contains nothing to show that respondent's determinations are erroneous. At the time he filed his petition, petitioner's legal residence was San Lorenzo, New Mexico. Petitioner submitted to the Internal Revenue Service Forms 1040 for 1978 and 1979 which contained no information on his income or deductions. The forms, signed by petitioner, were filled with the words "none" or "object--self incrimination." He received employment income in those years in the amounts of $9,974.44 and $6,576.95, respectively, as evidenced by W-2 forms which were admitted in evidence by stipulation. Petitioner has offered no evidence to show that he is entitled to any deductions. Welch v. Helvering,290 U.S. 111 (1933). Petitioner's Fifth Amendment argument, from the record before the Court, is groundless. [1] Respondent's counsel stated in open court that, to his knowledge, no criminal proceeding or investigation was pending against petitioner for the years here in issue. The Fifth Amendment privilege against self-incrimination may be invoked only when an answer to the question posed would expose the petitioner *753 to danger of prosecution; remote or speculative possibilities of prosecution for unspecified crimes do not relieve petitioner of the duty to respond. E.g., McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir., Sept. 15, 1981). As stated by the court in Lukovsky v. Commissioner,     F.2d     (8th Cir. 1982), affg. an order of this Court: "The fifth amendment may not be used as a subterfuge to avoid paying taxes. See, e.g., Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982)." Petitioner has also failed to show that respondent erred in his determinations of additions to tax under sections 6651(a), [2] 6653(a), and 6654. (a) Sec. 6651(a)--Failure to file a timely return. Petitioner's "no information" *754 Forms 1040 do not constitute returns. United States v. Porth,426 F.2d 519 (10th Cir. 1970). He has shown no reason why his failure to file was due to reasonable cause and not to willful neglect. Indeed, he filed returns containing detailed information on his income and deductions for 1975 and 1976 and this indicates that petitioner knew of his duty to file returns in accordance with the law. (b) Sec. 6653(a)--Negligence. Again petitioner has shown nothing to refute respondent's determination that his underpayment of tax was due to negligence or intentional disregard of the tax laws. His deliberate avoidance of income tax withholding from his salary by filing forms on which he claimed exemption from tax liability, as well as his filing Porth-type returns for both years, is affirmative evidence of intentional disregard of the law. See Druker v. Commissioner,     F.2d     (2d Cir. 1982), affirming in part and reversing in part 77 T.C. 867 (1981). (c) Sec. 6654--Failure to pay estimated tax. The addition to tax for failure to pay estimated tax is mandatory except in carefully delineated circumstances, and petitioner has not *755 shown that his case falls within any of the exceptions. Reaver v. Commissioner,42 T.C. 72, 82 (1964). To reflect the foregoing. Decision will be entered for the respondent.
Footnotes
1. Petitioner also alleges violations of due process and his jury trial right, and those allegations are likewise frivolous. E.g., Blackburn v. Commissioner,681 F.2d 461↩ (6th Cir. 1982), affg. a Memorandum Opinion of this Court, and cases cited therein.
2. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩