755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AWRENCE D. JUENGEL, PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1716
 United States Court of Appeals, Sixth Circuit.
 1/30/85
 
 ORDER
 BEFORE: MERRITT and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 The taxpayer appeals the decision and order of the Tax Court finding a deficiency of $5228.89 in his income taxes for the taxable year 1980 and awarding $500 damages to the United States under 26 U.S.C. Sec. 6673 on grounds the taxpayer instituted this action merely to delay payment of such taxes. The taxpayer now moves this Court for a stay of the Tax Court's judgment pending appeal and for leave to proceed on appeal in forma pauperis. Those motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The motion for a stay pending appeal is tantamount to a motion to stay the collection of taxes. That power is denied this Court under 26 U.S.C. Sec. 7421. Therefore,
 
 
 3
 It is ORDERED that the motion for stay pending appeal be and it hereby is denied.
 
 
 4
 The taxpayer seeks to raise five issues on appeal. There are:
 
 
 5
 (1) The Tax Court erred in determining his wages constituted taxable income;
 
 
 6
 (2) The Tax Court erred in denying his motion to transfer his petition to a federal district court on grounds the Tax Court had no jurisdiction;
 
 
 7
 (3) The Tax Court erred in denying his motion for a jury trial;
 
 
 8
 (4) The Tax Court erred in denying his motion to dismiss his petition based upon an IRS statement that the deficiency had been reduced to zero; and
 
 
 9
 (5) He was denied an administrative hearing before the IRS, thereby denying him an opportunity to challenge the asserted deficiency without going to the Tax Court.
 
 
 10
 We find these issues to be frivolous.
 
 
 11
 The taxpayer's argument that wages do not constitute taxable income has been repeatedly rejected by reviewing courts. See, e.g., Perkins v. Commissioner, No. 83-1716 (6th Cir. October 31, 1984); Funk v. Commissioner, 687 F.2d 264 (8th Cir. 1982). The constitutionality of the Tax Court has been upheld in past decisions; Phillips v. Commissioner, 283 U.S. 589 (1931); Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); and once invoking its jurisdiction, the taxpayer had no right to transfer his petition to a federal district court. Dorl v. Commissioner, 507 F.2d 406 (2d Cir. 1974). There is no right to a jury trial in the Tax Court. Perkins v. Commissioner, supra; Blackburn v. Commissioner, 681 F.2d 461 (6th Cir. 1982).
 
 
 12
 Nor do we find error in the Tax Court's refusal to dismiss the taxpayer's petition on the basis of the statement that the deficiency had been reduced to zero. In the absence of any showing of detrimental reliance, the doctrine of estoppel does not apply to the United States. See Dorl v. Commissioner, supra. The denial of an administrative hearing likewise raises no due process issue. See Rosenberg v. Commissioner, 450 F.2d 529 (10th Cir. 1971). Finally, we find the Tax Court did not err in assessing a penalty under Sec. 6673. See Kile v. Commissioner, 739 F.2d 265 (7th Cir. 1984); Crain v. Commissioner, supra.
 
 
 13
 It is ORDERED that the motion for leave to proceed on appeal in forma pauperis be and hereby is denied.
 
 
 14
 Upon examination of the record and the taxpayer's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The Court finding the appeal is frivolous and totally without merit,
 
 
 15
 It is further ORDERED that the Tax Court's decision and order of June 26, 1984 be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.