802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BELZ, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1385.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 Before KRUPANSY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of petitioner's appeal from the order of the Tax Court dismissing his petition for redetermination of a tax assessment imposed by respondent. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the parties's briefs and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner failed to report revenue from his wages, income interest and pension for the taxable year of 1982, and was assessed a tax deficiency by respondent. He timely filed a petition for review in the Tax Court alleging that his revenue, particularly his wages, is not income, and that the assessment was unconstitutional. Respondent moved to dismiss alleging that petitioner failed to state a claim upon which relief can be granted. Petitioner responded with a contra memorandum in excess of thirty pages. Upon consideration, the Tax Court granted respondent's motion to dismiss holding that the matter was frivolous and was filed for the purpose of delay. Hence, respondent was awarded $5000.00 in damages pursuant to 26 U.S.C. 56673. Upon entry of the court's order denying reconsideration, April 19, 1985, petitioner timely filed a motion of appeal to this Court. On appeal he alleges that: 1) the tax laws, tax court and the tax assessment are unconstitutional; 2) the tax court lacked jurisdiction; 3) the application of the assessment prior to a hearing and the denial of a jury trial constituted a denial of due process; and 4) his wages in 1982 are not taxable as income.
 
 
 3
 Upon consideration, this Court finds that petitioner's allegations are frivolous. It is clearly established that the income tax laws assessment, and collection process are constitutional as well as the Tax Court's jurisdiction over such matters. See Brushaber v. Union Pacific R.R. Co., 240 U.S. 1 (1916); Bob Jones University v. Simon, 416 U.S. 725 (1974); HCSC Laundry v. United States, 450 U.S. 1 (1981) (per curiam); Martin v. Commissioner, 753 F.2d 1358 (6th Cir.1985); Perkins v. Commissioner, 746 F.2d 1187 (6th Cir.1984); Martin v. Commissioner, 756 F.2d 38 (6th Cir.1985). The Executive Branch of the Government can assess and collect taxes without a prior administrative or judicial hearing so long as an adequate opportunity is afforded for a later determination of liability. See Bob Jones University, supra; Martin v. Commissioner, 753 F.2d 1358 (6th Cir.1985). The United States Tax court is but one federal forum which has jurisdiction over such matters. Martin v. Commissioner, 753 F.2d 1358 (6th Cir.1985); 28 U.S.C. Sec. 1346(a)(1). Accordingly, in a proceeding which challenges a tax assessment, the petitioner is not entitled to a jury trial. Blackburn v. Commissioner, 681 F.2d 461 (6th Cir.1982); Martin v. Commissioner, 753 F.2d 1358 (6th Cir.1985). Moreover, every element of gross income of a person, corporate or individual is subject to tax unless there is a statute or some rule of law that exempts that person or element. HCSC-Laundry supra. Petitioner in the present case is not exempted by any statute or law. Hence, his wages are taxable as "the taxing of income from whatever source derived" including income from professions, trades, employments or vocations. Brushaber, supra; Martin v. Commissioner, 756 F.2d 38 (6th Cir.1985).
 
 
 4
 Petitioner was sufficiently advised of the frivolous nature of this matter by the Tax Court prior to the filing of this appeal. This Court has warned litigants that it will not hesitate to impose sanctions for the filing of patently frivolous appeals pursuant to Rule 36, Federal Rules of Appellate Procedure, when the petitioner has been sufficiently advised by the lower court that the allegations are meritless. Perkins v. Commissioner, 746 F.2d 1187 (6th Cir.1984); Martin v. Commissioner, 756 F.2d 38 (6th Cir.1985). Respondent has requested that sanctions be imposed in the present case. This Court agrees that sanctions are warranted.
 
 
 5
 It is ORDERED that the Tax Court's decision be and hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit. It is further ORDERED that double costs be and hereby are assessed against petitioner for abuse of judicial process in filing this frivolous appeal. Rule 38, Federal Rules of Appellate Procedure.