DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Fulton County Court of Common Pleas that ruled on several of appellant's motions following a proceeding in aid of execution held after the state obtained a judgment against appellant for past due income taxes. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth six assignments of error:
 {¶ 3} "Assignment of Error I
 {¶ 4} "O.R.C. § 5747.13(A), ¶ 4 prohibits plaintiff-appellee, State of Ohio, Department of Taxation, from filing an assessment and judgment lien after the four year statute of limitations, without mutual consent in writing extending such time limits, and caused the trial court to lack jurisdiction over the parties to the action, thereby causing the trial court to err as a matter of law by not dismissing said action, with prejudice, brought untimely by plaintiff-appellee, State of Ohio, Department of Taxation.
 {¶ 5} "Assignment of Error II
 {¶ 6} "The trial court erred as a matter of law and abused its discretion by sustaining plaintiff-appellee's suit brought untimely against defendant-appellant, Alan G. Kunkle, while dismissing co-defendant, Stella Kunkle, when such action was based on the same set of facts.
 {¶ 7} "Assignment of Error III
 {¶ 8} "The trial court erred as a matter of law and abused its discretion by depriving defendant-appellant of meaningful hearings, wherein the plaintiff-appellee and the trial court, having no valid cognizable claim, defaulted three times, thereby depriving said defendant-appellant of due process of law, equal protection under the law, and creating an injury and hardship upon him.
 {¶ 9} "Assignment of Error IV
 {¶ 10} "The trial court erred as a matter of law and abused its discretion by allowing Jeffrey L. Robinson to represent plaintiff-appellee as special counsel, when said Jeffrey L. Robinson was not assigned as special counsel in the case of State of Ohio, Department of Taxation vs. Alan G. Kunkle, wherein said Jeffrey L. Robinson's alleged appointment was expired.
 {¶ 11} "Assignment of Error V
 {¶ 12} "The trial court erred as a matter of law and abused its discretion by arriving at different determinations in its judgment entry, filed July 20, 2004, than what it did in the July 19, 2004 hearing as evidenced by the transcript of testimony.
 {¶ 13} "Assignment of Error VI
 {¶ 14} "The trial court erred as a matter of law and abused its discretion when it made unlawful judgments and discriminated against defendant-appellant and denied him equal protection under the laws, when it gave preferential treatment to plaintiff-appellee, to the injury and detriment of defendant-appellant."
 {¶ 15} This matter has a lengthy history in the trial court and in the court of appeals and is summarized below to the extent ascertainable from the record before us and relevant to this appeal. On June 30, 2003, appellee State of Ohio, Department of Taxation, filed motions asking the trial court for orders requiring appellant and his wife to appear and answer concerning their property. In support of the motions, appellee stated that on December 23, 2002, it obtained a judgment against both parties in the amount of $21,446.30, plus costs, and the judgment remained unpaid. The trial court ordered appellants to appear before the court on August 6, 2003 and answer concerning their property. The trial court thereafter determined that appellant's wife was an "innocent spouse" and the action against her was dismissed. No appeal was taken from that order.
 {¶ 16} On December 31, 2003, the state filed an order requiring appellant to appear and be examined in the trial court on January 27, 2004. This order was ratified and confirmed by the trial court. On January 26, 2004, appellant filed a motion to dismiss which was denied by the trial court at the hearing held on January 27, 2004. On February 27, 2004, appellant filed a notice of appeal from the trial court's denial of his motion to dismiss. (6th Dist. No. 04FU004) On May 20, 2004, this court dismissed appellant's appeal for having been untimely filed and, on June 24, 2004, denied his motion for reconsideration of the dismissal. Appellant filed numerous motions in the trial court while his first appeal was pending before this court.
 {¶ 17} On July 19, 2004, the trial court held a proceeding in aid of execution. Appellant waived his right to counsel and, upon the pleadings and oral arguments of the parties, the trial court ruled on all pending motions. In its judgment entry filed July 20, 2004, the trial court ordered appellant to produce his social security number and copies of his last six years' state and federal tax returns on or before July 26, 2004. Appellant now appeals from that judgment.
 {¶ 18} In support of his first assignment of error, appellant asserts that the state filed suit in the trial court on June 30, 2003, in an attempt to collect what he claimed was a fictitious judgment lien based on an unlawful assessment imposed outside the four-year statute of limitations set forth in R.C. 5747.13(A). The record before us reflects that on June 30, 2003, the state filed a motion for an order "requiring Defendant[s] to appear before a judge of the Common Pleas Court and answer concerning [his] property." The motion contained the affidavit of appellee's attorney attesting that on December 23, 2002, judgment was obtained in the amount of $21,446.30 plus costs and that the judgment was unpaid. The trial court ordered appellant to appear before the court on August 6, 2003, and answer concerning his property. Because the record before us does not contain any record of the proceedings instituted by the State of Ohio, Department of Taxation, we are unable to review the history of this case before the June 30, 2003 motion was filed in the trial court in the state's attempt to collect appellant's tax debt. We do know from the record that a judgment was obtained against appellant on December 23, 2002. It appears appellant is challenging the ruling of the administrative body that initially made the tax assessment, rather than appealing a subsequent judgment of the trial court. However, there is no evidence in the record that appellant filed a petition for reassessment pursuant to R.C. 5747.13(B), which would have been the appropriate means by which to challenge the initial tax assessment. See R.C. 5703.60(A)(3) and 5717.02. Accordingly, this argument is not properly before this court and appellant's first assignment of error is not well-taken.
 {¶ 19} In his second assignment of error, appellant asserts the trial court erred in its December 31, 2003 judgment entry by dismissing the action against his wife while allowing the action against him to proceed. On October 22, 2003, Stella Kunkle filed a motion for relief from judgment in which she asserted she had lived separate from appellant since 1994, that appellee was fully aware of her address as indicated on her income tax returns filed since 1994, and that she never received notice of an assessment against her or an opportunity to file a petition for reassessment. In the December 31, 2003 judgment entry, the trial court found Stella Kunkle was not properly noticed of the proceedings or the judgment taken against her and granted her motion for relief from judgment. Upon review of the record, this court finds that, in accordance with Civ.R. 60(B), Stella Kunkle had a meritorious claim or defense to present if relief were to be granted; that she was entitled to relief under one of the grounds stated in Civ.R. 60(B); and that she made her motion within a reasonable time. Accordingly, the trial court did not abuse its discretion by granting Stella Kunkle's motion for relief from judgment and appellant's second assignment of error is not well-taken.
 {¶ 20} In his third assignment of error, appellant asserts that he was deprived of the opportunity to have meaningful hearings because on three occasions hearings were scheduled in the trial court but not held. There is no evidence in the record of hearings being scheduled and not held. The record does indicate, however, that appellant's motions were addressed and ruled on at hearings held by the trial court. Accordingly, we find appellant was not prejudiced and his third assignment of error is not well-taken.
 {¶ 21} In his fourth assignment of error, appellant asserts that the trial court erred by allowing Jeffrey L. Robinson to represent appellee as special counsel in this matter because Robinson was never assigned as special counsel. The record reflects that on April 9, 2004, Attorney Robinson filed an entry of appearance on behalf of the State of Ohio, Department of Taxation, in this matter. Accordingly, this argument has no merit and appellant's fourth assignment of error is not well-taken.
 {¶ 22} In his fifth assignment of error, appellant asserts the judgment entry filed July 20, 2004, was inconsistent with the trial court's oral findings made at the hearing held the day before. This court has carefully examined the transcript of the hearing, as well as the written judgment entry, with respect to the court's rulings on all motions and issues and we find no irregularities. We note that some of the issues raised at the hearing were continued pending appellant's compliance with the court's order to produce documents, which does not constitute error. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 23} In his sixth assignment of error, appellant asserts that the trial court made unlawful judgments and gave preferential treatment to appellee. The only specific argument appellant makes in support of this assignment of error is that appellee received preferential treatment when the trial court declined to require special counsel Robinson to produce a "current Plaque" to prove his appointment as special counsel for this matter. Attorney Robinson stated on the record at the hearing held July 19, 2004, that he had been appointed special counsel for this matter and the trial court found his statement credible. This argument is without merit and appellant's sixth assignment of error is not well-taken.
 {¶ 24} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.