[Cite as *Ohio Dept. of Taxation v. Shuster*, 2017-Ohio-8927.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO, DEPARTMENT OF TAXATION

      Appellee

      v.

KAREN SHUSTER

      Appellant

C.A. No.     17CA011112

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CJ060250

DECISION AND JOURNAL ENTRY

Dated: December 11, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Karen Shuster, appeals the judgment of the Lorain County Court of Common Pleas denying her motions to strike and to dismiss. For the reasons that follow, we affirm.

I.

{¶2} On July 30, 2012, the Ohio Department of Taxation filed a certificate of judgment against Shuster for unpaid income taxes for tax year 2003, which had become final by operation of law for the purpose of having a judgment lien recorded thereon. On February 16, 2017, the Department of Taxation filed a motion for garnishment of personal earnings. Shuster did not request a hearing pursuant to R.C. 2716.06. However, on February 28, 2017, Shuster filed a "Motion to strike and Dismiss this Case under Rule 12(B)" and "Defendant's Objection to ex-parte Filings and Motion to Strike." The Department of Taxation filed a response on March 20, 2017. The trial court subsequently denied Shuster's motions.

**{¶3}**    Shuster filed this timely appeal, raising one assignment of error for our review.

II.

## Assignment of Error

**The lower court erred in denying [Shuster]'s Motion to Dismiss and allowing judgment in favor of [The Ohio Department of Taxation].**

**{¶4}**    In her sole assignment of error, Shuster argues that the trial court erred in denying her motion to dismiss and allowing judgment in favor of the Department of Taxation.  We disagree.

**{¶5}**    In her motion to strike and dismiss, Shuster argued that she had "never received proper service of process in this case" and was "not even liable for any state, city or county income or employment taxes."  In denying Shuster's motion to strike and dismiss, the trial court stated that it appeared from her motion that Shuster was attempting to argue that the underlying judgment was not valid because her earnings were exempt from taxation.  The trial court ultimately determined that, regardless of whether Shuster's allegations had merit, the trial court lacked jurisdiction to dismiss or modify the underlying judgment because Shuster had not availed herself of the specific procedure outlined by Ohio law to contest a tax assessment.

**{¶6}**    On appeal, Shuster argues that the trial court erred in denying her motions because (1) it did not have jurisdiction since "neither the Ohio Constitution nor the federal constitution permits governments to tax the labor of the people;" (2) she was entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution; and (3) she did not receive proper service of process in this case.

**{¶7}**    As an initial matter, we note that Shuster's first and second contentions "fit into the 'tax protestor' category" and are composed of "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish[,]" and as such, are without merit.  (Internal

citations omitted.) *Abraitis v. Testa*, 137 Ohio St.3d 285, 2013-Ohio-4725, ¶ 8. Furthermore, "[t]he law is well settled that the taxation of 'income' is permitted both on the state and federal levels." *State, Dep't of Taxation v. Sabula*, 11th Dist. Geauga No. 89-G-1542, 1990 Ohio App. Lexis 4127, *5-6 (Sept. 21, 1990) (compiling cases). Additionally, the right to a jury trial pursuant to the Seventh Amendment to the U.S. Constitution does not apply to state courts, *see Arrington v. Daimler Chrysler Co.*, 9th Dist. Summit Nos. 22108, 22270, 22271, 22272, 22273, 22274, 22284, 22285, 22311, 2004-Ohio-7180, ¶ 23, and even as applied to the federal courts, the right to a jury trial in tax collection proceedings is not found in the Seventh amendment, *see Wickwire v. Reinecke*, 275 U.S. 101, 105 (1927). *See also Blackburn v. Commissioner*, 681 F.2d 461, 462 (6th Cir.1982) (compiling cases).

{¶8} Moreover, the trial court did not err when it determined it did not have jurisdiction to dismiss or modify the underlying judgment regardless of whether Shuster's allegations were true or not. Pursuant to R.C. 2716.06(C), if a judgment debtor requests a hearing within five business days after receipt of the notice of the order of garnishment, a trial court is required to hold a hearing wherein the trial court is "limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.06(C). Accordingly, "'R.C. 2716.06, "merely gives the trial court jurisdiction to determine the amount of wages * * * if any * * * that can be used to satisfy all or part of the debt. * * * ."'" *Merchants Acceptance, Inc. v. Bucholz*, 2d Dist. Montgomery No. 24425, 2011-Ohio-5556, ¶ 32, quoting *Credit Acceptance Corp. v. Duncan*, 5th Dist. Licking No. 06CA0039, 2006-Ohio-3934, ¶ 17, quoting *Schumaker v. Stacey*, 9th Dist. Summit No. 11936, 1985 Ohio App. LEXIS 7656 (May 8, 1985).

Therefore, the trial court lacked jurisdiction as a matter of law to vacate the underlying judgment. *See Bucholz* at ¶ 32-33.

{¶9} As to Shuster's third argument that the trial court did not have jurisdiction because "there was never service of summons and complaint" pursuant to Civ.R. 4(E), the trial court determined the Department of Taxation "followed the applicable statutes by filing the proper documents with the Court and the proper statutory procedure was completed." Indeed, a review of the record shows that the Department of Taxation followed the proper statutory procedure in order to commence garnishment proceedings against Shuster.

{¶10} Shuster's assertion that Civ.R. 4(E) applies in this case has no merit since R.C. 5747.13 governs the procedure to obtain a judgment for unpaid income taxes and R.C. 2716.01 et seq. govern the procedures required in order to garnish personal earnings. *See* Civ.R. 1(C). In this case, the Department of Taxation properly filed a certified copy of the tax commissioner's entry making Shuster's tax assessment final in the office of the Clerk of the Lorain County Court of Common Pleas. *See* R.C. 5747.13(C). The clerk thereafter entered a certificate of judgment against Shuster in the amount shown on the entry. *See* R.C. 5747.13(C). Pursuant to R.C. 2716.01, once a judgment creditor obtains a judgment, the judgment creditor may garnish the personal earnings of the judgment debtor. Nonetheless, any person seeking an order of garnishment of personal earnings must make a demand in writing to the judgment debtor for the excess of the amount of the judgment over the amount of exempt personal earnings. R.C. 2716.02(A). A proceeding in garnishment of personal earnings may thereafter commence by the filing of an affidavit in writing made by the judgment creditor setting forth specific information as required by R.C. 2716.03(A)(1)-(6). A review of the record shows that the Department of Taxation filed an affidavit in compliance with R.C. 2716.03(A) on February 16, 2017. The trial

court thereafter issued an order and notice of garnishment to Shuster's employer on February 17, 2017.

{¶11} "Upon a court's issuance of an order of garnishment of personal earnings following a judgment creditor's filing of an affidavit * * *, the garnishee and the judgment debtor shall be notified of the proceeding in garnishment of personal earnings in accordance with [R.C. 2716.05 and R.C. 2716.06]." R.C. 2716.03(C). Pursuant to R.C. 2716.06, a statutory notice must be served on the garnishee and delivered to the judgment debtor. A review of the record shows that the Department of Taxation filed a praecipe for service of notice and request for hearing was filed with the clerk on February 17, 2017, requesting ordinary mail service of each of these filings to be served to Shuster at her home address.

{¶12} Therefore, we conclude that the trial court did not err by denying Shuster's motion to strike and dismiss. Shuster's assignment of error is overruled.

III.

{¶13} Shuster's assignment of error is overruled. Therefore, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KAREN SHUSTER, pro se, Appellant.

MICHAEL D. STULTZ and KARL C. KERSCHNER, Attorneys at Law, for Appellee.