[Cite as *State v. Tarr*, **2019-Ohio-1386.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Court of Appeals No. WD-18-044

    Appellee

Trial Court No. 2012EL1974

v.

Kevin Tarr and Jeana Tarr

**DECISION AND JUDGMENT**

    Appellants

Decided: April 12, 2019

* * * * *

Dave Yost, Ohio Attorney General, Joshua S. Nagy, Assistant
Attorney General, and Stephanie B. McCloud, Special Counsel,
for appellee.

Kevin Tarr and Jeana Tarr, pro se.

* * * * *

**ZMUDA, J.**

## I. Introduction

**{¶ 1}** This matter is before the court on appeal from a judgment of the Wood
County Court of Common Pleas, denying a motion to dismiss a statutory tax lien and
challenging the sufficiency of due process in issuing two statutory tax assessments for
unpaid school district taxes. Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} This case concerns two tax liens, arising from unpaid school district taxes for the tax years 2007 and 2009. Appellant Kevin Tarr filed an Ohio income tax return for those years and reported that he lived in a school district having a tax under Chapter 5748. Appellants did not file or pay the school district tax, and Kevin Tarr's employer failed to collect or remit the school district tax due.

{¶ 3} Appellee, the State of Ohio Department of Taxation, mailed a notice of assessment, for each of the delinquencies, to appellants' last known address in Ohio. Appellee mailed the 2007 notice in 2009, and the 2009 notice in 2011, and perfected service on each notice as provided by statute.

{¶ 4} On October 25, 2012, appellee filed the final assessments for the two tax years with the Wood County Clerk of Court as statutory judgment liens, in case Nos. 2012EL1874 (2007) and 2012EL1975 (2009), as provided by R.C. 5747.13(C). Pursuant to that statute, immediately upon filing, the assessments became judgments in favor of the state, having "the same effect as other judgments" by application of law. R.C. 5747.13(C). No further action was taken by appellee until late 2016.

{¶ 5} In August 2016, appellee moved to consolidate the two tax cases for execution, which the trial court granted on August 9, 2016. The trial court served its consolidation entry on appellants at their Pennsylvania address. About a year later, appellee filed a duplicate motion for consolidation, which the trial court once again

2.

granted on August 1, 2017. The trial court served its second consolidation entry on appellants at their Pennsylvania address.

{¶ 6} After the second consolidation entry, appellee served notice of collection proceedings on appellants at their Pennsylvania address.

{¶ 7} On August 31, 2017, appellants filed a motion seeking dismissal of the tax liens and for relief from judgment, citing various Civil Rules of Procedure. Appellants argued that they never received notice of the assessments, because they resided in Pennsylvania at the time notice issued. Appellants also argued that dismissal and an order vacating the liens was appropriate, based on this claimed lack of notice.

{¶ 8} On September 22, 2017, appellee moved for an order of garnishment of personal earnings, which the trial court granted. Appellee requested additional time to respond to appellants' motion on September 25, 2017, and also requested dismissal of the garnishment proceedings. The trial court ordered the garnishment proceedings dismissed, and on October 10, 2017, stayed collections so the parties could attempt resolution of the matter.

{¶ 9} In November 2017, appellants filed a school district tax return for the 2009 tax year, containing discrepancies from their personal income tax return previously filed for that year. The new return designated a different school district, and changed the stated residency from full year to partial year residency. Appellee requested additional residency documentation in follow-up, and the record reflects a dispute remained for the

3.

amount of tax debt owed for 2009, despite appellants' filing in 2017. A dispute also remained regarding the school district taxes for 2007 and fees owed for both tax years.

{¶ 10} As a consequence of the new tax filing, on April 6, 2018, appellants filed an amended motion seeking dismissal and relief from judgment, arguing payment of taxes for the 2009 tax year, with only a tax deficiency for 2007 and fees for both years remaining at issue. In their amended motion, appellants argued that appellee commenced collection attempts for the 2007 tax deficiency outside the applicable statute of limitations, and appellants did not receive notice of any deficiency. Appellants sought dismissal, as well as relief from the tax lien pursuant to Civ.R. 60(B). Additionally, appellants argued insufficient service of notice and employer liability for failure to collect school district tax, as defenses to collection of the tax assessment.

{¶ 11} The trial court issued its decision on May 30, 2018, finding appellants could not seek to dismiss or vacate a statutory tax lien pursuant to the Civil Rules of Procedure, and finding no jurisdiction to effectively enjoin the collection of a tax. Additionally, the trial court addressed appellants' challenge to the underlying judgments, and found appellants received statutory notice of the assessments and failed to request a hearing or otherwise assert a timely objection. Furthermore, the trial court determined that appellants' "reliance on an employer's duty to withhold school district taxes is equally flawed because the statute does not relieve the taxpayer of a tax liability." The trial court, therefore, denied the motions to dismiss and for relief from judgment. It is from this judgment that appellants bring their appeal.

## B. Assignment(s) of Error

**{¶ 12}** Appellants assert seven assignments of error, challenging the trial court's denial of their motion for dismissal, and challenging the application or the sufficiency of process. Appellants claim the following errors:

    I. The trial court abused its discretion in finding that the Civil Rules of Procedure do not apply in this case because it is an EL case to deny defendant's defenses of lack of jurisdiction and process of service.

    II. The trial court abused its discretion by finding that this case is not the kind of case in which motions are filed.

    III. The trial court abused its discretion in its findings on the issue of the statute of limitations.

    IV. The trial court abused its discretion in finding that the appellant's argument on the issue of the Employers [sic] duty and liability to withhold and pay said taxes is flawed.

    V. The trial court abused its discretion in finding that the appellants received statutory notice of the assessments.

    VI. The trial court abused its discretion in finding that the appellants [sic] motions/defenses are a collateral attack on the judgment liens because the defendants did not challenge the assessments or request a hearing on such.

VII. The trial court abused its discretion by not finding this case dismissed on several grounds and allowing appellee to move forward with the case.

## II. Analysis

{¶ 13} Appellants sought to dismiss and vacate the tax liens, arguing various procedural requirements under the Civil Rules. The trial court addressed the procedural arguments, but also determined it lacked subject-matter jurisdiction to grant the requested relief. We ordinarily review the denial of a Civ.R. 60(B) motion under an abuse of discretion standard. (Citation omitted.) *Moore v. Moore*, 6th Dist. Erie No. E-17-011, 2018-Ohio-1545, ¶ 21. In denying the motion, however, the trial court determined it lacked the authority to vacate a tax lien.

{¶ 14} The issue on appeal, therefore, is primarily the subject-matter jurisdiction of the trial court to vacate a tax lien. Accordingly, we review the trial court's decision, finding it lacked subject-matter jurisdiction, de novo. *Natl. Collegiate Student Loan Trust 2003-1 v. Beverly*, 6th Dist. Huron Nos. H-13-010, H-13-011, 2014-Ohio-4346, ¶ 10, citing *Biro v. Biro*, 6th Dist. Ottawa No. OT-10-017, 2010-Ohio-5169, ¶ 7.

{¶ 15} Appellants' seventh assignment of error implicates the jurisdiction of the trial court to dismiss and vacate a statutory tax lien. Therefore, we address this assignment of error first.

{¶ 16} Appellants sought to dismiss or vacate the tax liens, and now challenge the trial court's ruling, denying their motion to vacate the tax liens pursuant to Civ.R. 60(B).

6.

It is well-settled law that a "court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891). In this case, the parties argue application of separate statutes that, in turn, grant and restrict authority to a court of common pleas.

{¶ 17} Appellants rely on R.C. 2723.01 as granting the trial court authority to "enjoin the illegal levy or collection of taxes and assessments[.]" In response, appellee argues that the trial court correctly determined that R.C. 5703.38 bars the dismissal of a tax lien. We agree with appellee.

{¶ 18} While R.C. 2723.01 grants a court of common pleas authority to enjoin "illegal" collection of taxes, R.C. 5703.38 restricts the authority of a trial court, and prohibits the dismissal of tax liens. R.C. 5703.38 provides:

> No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty.

{¶ 19} The Ohio Supreme Court addressed the interplay of R.C. 2723.01 and 5703.38, and construing the two statutes together, found that "the specific provisions against an injunction in R.C. 5703.38 limit the general authority of a Common Pleas

Court, provided for in R.C. 2723.01, to enjoin an illegal levy or collection of taxes and assessments." *Hakim v. Kosydar*, 49 Ohio St.2d 161, 163-164, 359 N.E.2d 1371 (1977). Although stated in terms of injunctive relief, R.C. 5703.38 limits a trial court's authority to order tax liens vacated or dismissed, as such an order would have "the effect of suspending or staying an order, determination, or direction of the Department of Taxation[.]" *Stemen v. Rhodes*, 4 Ohio App.3d 205, 206, 447 N.E.2d 145 (6th Dist.1982), quoting *Hakim* at the syllabus.

{¶ 20} While the specific prohibition of R.C. 5703.38 prevents a court from vacating a tax lien, however, R.C. 5703.38 has no effect on any legal defenses asserted against collections. *State ex rel. Kaiser v. Zaino*, 6th Dist. Lucas No. L-03-1092, 2003-Ohio-5685, ¶ 14, citing *State v. Lomaz*, 146 Ohio App.3d 376, 379, 766 N.E.2d 209, (11th Dist.2001). At the time the trial court ruled on appellants' motion seeking dismissal of the tax liens, there were no collection proceedings pending against the appellants. Therefore, whether appellants possessed any legal defenses against collections is not an issue properly before us on appeal.

{¶ 21} Based on consideration of appellants' seventh assignment of error, we find the trial court did not err in determining it lacked subject-matter jurisdiction to vacate the tax liens based on the prohibition of R.C. 5703.38. Accordingly, we find appellants' seventh assignment of error not well-taken.

8.

**{¶ 22}** While the issue of subject-matter jurisdiction resolves appellants' challenge to the trial court's ruling, denying the motion to dismiss or vacate the tax liens, appellants raised additional errors for review regarding the process and regarding the validity of the underlying tax assessments. We address these remaining assignments of error in order.

**{¶ 23}** In their first and second assignments of error, appellants challenge the trial court's determination that the Civil Rules do not apply in a lien case. Appellants' argument, however, reaches beyond the consolidated lien case and the process involved in post-judgment collections to attempt a challenge to the validity of the underlying tax assessments.

**{¶ 24}** The Rules of Civil Procedure apply in all civil matters, with the exception of matters which, "by their nature" are "clearly inapplicable," including "special statutory proceedings[.]" *See* Civ.R. 1(C). Here, appellants argue that the Civil Rules govern notice and service, and appellee failed to comply with the applicable Civil Rules. However, "since R.C. 5747.13 governs the procedure to obtain a judgment for unpaid [taxes] and R.C. 2716.01 et seq. govern the procedures required in order to garnish personal earnings[,]" the Civil Rules do not apply. *State v. Shuster*, 9th Dist. Lorain No. 17CA011112, 2017-Ohio-8927, ¶ 10, citing Civ.R. 1(C). Appellants' argument, therefore, that appellee failed to comply with Civ.R. 4, 4.1, 4.3, 4.6, and 5 in serving notice is misplaced, and the trial court correctly noted that the Civil Rules governing service and notice did not apply.

9.

**{¶ 25}** Appellants' challenge to the underlying tax debt, moreover, was not properly before the trial court, as R.C. 5747.13 requires a taxpayer to pursue a challenge with the tax commissioner. *See, e.g., State Dept. of Taxation v. Kinkle*, 6th Dist. Fulton No. F-04-025, 2005-Ohio-2092, ¶ 18 (a petition for reassessment pursuant to R.C. 5747.13(B) "would have been the appropriate means by which to challenge the initial tax assessment"). Appellee timely filed the final assessments for the two tax years as liens, and by operation of law, the assessments became judgments in favor of the state, having "the same effect as other judgments." R.C. 5747.13(C).

**{¶ 26}** Appellants' challenge of the underlying tax liens constituted an impermissible collateral attack within the lien proceedings. "[A] collateral attack upon the validity of the underlying judgment is not proper in a proceeding to enforce the judgment lien." *Dept. of Taxation v. DCS Indus.*, 4th Dist. Athens No. 98 CA 25, 1999 Ohio App. LEXIS 1233 (Mar. 19, 1999). Accordingly, the trial court correctly determined that the process under R.C. 5747.13 and 2716.01 governed, and the Civil Rules of Procedure did not apply in the lien proceedings. Appellants' first two assignments of error, therefore, are not well-taken.

**{¶ 27}** In their third assignment of error, appellants contend the applicable statute of limitations bars any collection attempts by appellee. Appellants argue that the trial court erred in not dismissing the tax liens based on appellee's attempt to collect beyond the applicable statute of limitations, referencing R.C. 2723.01 in support. R.C. 2723.01 provides:

10.

Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.

{¶ 28} Appellants argue that R.C. 2723.01 provided the trial court with authority to vacate the tax liens, based on a one-year statute of limitations for "collection" efforts. This argument, however, is based on a misreading of the statute. The one-year limitations period applies to actions for recovery of taxes "when collected," and does not limit the time for collection. In other words, appellants would have one year to pursue recovery of previously collected taxes. Instead, the record demonstrates the parties suspended all collection proceedings, and attempted resolution. The limitations period of R.C. 2723.01, accordingly, does not apply, and as previously noted, the trial court had no authority to vacate or void the tax liens, pursuant to R.C. 5703.38. Appellants' third assignment of error, therefore, is not well-taken.

{¶ 29} Assignments of error four through six address the factual findings of the trial court regarding employer withholding obligations, sufficiency of notice to appellants, and failure by appellants to request hearing as part of the statutory process. The record on review, however, is limited to the lien proceedings, and as previously noted, appellants must challenge the underlying tax liens through the statutory process, before the tax commissioner. Because appellants' procedural and factual challenge to the

11.

validity of the underlying tax assessments were not properly before the trial court, these assignments of error are, therefore, not appropriately considered in this appeal. Accordingly, the trial court correctly denied appellants' collateral attack to the tax liens, and appellants' fourth, fifth, and sixth assignments of error are not well-taken.

### III. Conclusion

{¶ 30} Having reviewed the record, we find the trial court correctly determined it lacked subject-matter jurisdiction to vacate the tax liens. Therefore, the judgment of the trial court is affirmed. Pursuant to App.R. 24(A)(2), appellants are assessed the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                        JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                _____
CONCUR.                                        JUDGE

                                        _____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.